U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JAN 1 2 2024

TONY R. MOORE, CLERK
BY_____
           DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * CRIMINAL NO. 6:23-cr-00294 |
| | * |
| VERSUS | * JUDGE  J O S E P H |
| | * MAGISTRATE JUDGE  WHITEHURST |
| LEONARD FRANQUES | * |

**STIPULATED FACTUAL BASIS FOR GUILTY PLEA**

NOW INTO COURT, comes the United States of America, by and through the undersigned attorneys for the United States Attorney for the Western District of Louisiana and the Public Integrity Section, Criminal Division, United States Department of Justice, and the defendant, LEONARD FRANQUES (hereinafter "FRANQUES" or "defendant"), represented by his undersigned defense counsel, and for the purposes of providing the Court with a factual basis for a plea agreement pursuant to Rule 11(b)(3) of the Federal Rules of Criminal Procedure, hereby stipulate as follows:

FRANQUES stipulates and agrees that at the time alleged in the Bill of Information, he was an owner and operator of multiple companies, to include DGL1. Through DGL1, he solicited business with, and secured a contract from, the Louisiana Department of Wildlife and Fisheries ("LDWF"), an agency or organization that in a one-year period received more than $10,000 in benefits under federal program(s). FRANQUES agrees that he conspired with others to pay money and things of value

1

to Louisiana state officials in connection with an LDWF contract. FRANQUES also stipulates that the series of transactions involved in his conspiracy to pay bribes concerning programs receiving federal funds involved $5,000 or more.

At all relevant times, FRANQUES knew that Dusty Guidry served as a commissioner for LDWF, a Department of the State of Louisiana, and that Public Official #2 ("PO-2") was a high-ranking official at LDWF. During the course of this conspiracy, from at least as early as December 2020, through on or about December 8, 2021, LDWF put out for public bid a contract for a vendor to provide: (1) online hunters' and boaters' education classes; and (2) online courses to resolve LDWF violations. FRANQUES, through his company DGL1, was one of the bidders for the contract. With FRANQUES's knowledge, Guidry and PO-2 used their positions in LDWF to ensure that the contract was awarded to DGL1.

In exchange for Guidry and PO-2's agreement to deliver the LDWF contract, FRANQUES agreed to give two-thirds of FRANQUES's resulting profits to Guidry and PO-2. It was further agreed by the conspirators that PO-2's proceeds would be held by FRANQUES in escrow and distributed to PO-2 after his/her employment with LDWF.

On or about October 8, 2021, PO-2, acting on behalf of LDWF, and FRANQUES, acting on behalf of DGL1, signed and entered into the contract, agreeing that DGL1 would provide services to LDWF related to the provision of (1) hunters' and boaters' education classes; and (2) courses to resolve LDWF violations.

On or about November, 19, 2021, FRANQUES, Guidry and PO-2 met in person

at PO-2's residence, located in the Western District of Louisiana, to discuss concealing and disguising the payment of the bribe proceeds. During this meeting, Guidry, PO-2, and FRANQUES agreed that FRANQUES would refrain from paying the kickbacks owed to PO-2 until after his/her departure from LDWF. Further, Guidry, PO-2, and FRANQUES agreed to purchase an all-terrain vehicle for PO-2.

For purposes of relevant conduct, the parties stipulate and agree that FRANQUES, Dusty Guidry, and Public Official #1 ("PO-1") entered into another agreement, also in the Western District of Louisiana, related to the Pre-trial Diversion Program of the District Attorney's Office with the 15th Judicial District of Louisiana.

FRANQUES stipulates and agrees that beginning on or about January 11, 2021, and continuing to on or about December 8, 2021, FRANQUES knew that Guidry and PO-1 were employees and agents of the District Attorney's Office, 15th Judicial District with responsibility over the Pre-Trial Diversion Program in the 15th Judicial District Attorney's Office. FRANQUES knew that criminal defendants with pending felony and misdemeanor cases within the 15th Judicial District and who participated in the Diversion Program were required to take educational courses to complete it. FRANQUES owned a company that provided such courses. FRANQUES, Guidry, and PO-1 entered an agreement by which Guidry and PO-1 would use their positions: (1) to add FRANQUES' company to the list of approved vendors for the Pre-Trial Diversion Program; and (2) steer participants in the Pre-Trial Diversion Program to take classes from FRANQUES's company. In exchange for Guidry and PO-1 steering

participants to FRANQUES's courses, FRANQUES agreed to kick back a portion of its profits from the Pre-Trial Diversion Program to Guidry and PO-1.

Dated: 1/12/24

Respectfully submitted,

BRANDON B. BROWN
United States Attorney

MYERS P. NAMIE, LA Bar No. 29359
DANIEL J. McCOY, LA Bar No. 29334
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, Louisiana 70501
Telephone: (337) 262-6618

Dated: 1.12.2024

COREY AMUNDSON
Chief, Public Integrity Section
U.S. Department of Justice

ROSALEEN T. O'GARA, AZ Bar No. 029512
TREVOR WILMOT, GA Bar No. 936961
Trial Attorneys, Public Integrity Section
U.S. Department of Justice
1301 New York Ave. NW
Washington, D.C. 20530
Telephone: (202) 514-1412

Dated: 12-11-2023

LEONARD FRANQUES
Defendant

Dated: 12/11/2023

CHARLES GALBRAITH
Jenner & Block LLP

4